IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| ACE AMERICAN INSURANCE COMPANY, ZURICH AMERICAN INSURANCE COMPANY, LIBERTY MUTUAL FIRE INSURANCE COMPANY, <br><br>*Plaintiffs,* <br><br> vs. <br><br> OTIS ELEVATOR COMPANY, <br><br>*Defendant.* | SA-22-MC-00110-OLG |

**ORDER**

Before the Court in the above-styled miscellaneous cause of action is Defendant Otis Elevator Company's Expedited Motion to Stay and Transfer Ace American's Subpoena of Thomas B. Sing, CFI, CFEI, to the Northern District of Oklahoma and in the Alternative Motion to Quash [#1]. The District Court referred the motion to the undersigned for disposition on February 10, 2022. The motion concerns a subpoena issued by the United States District Court for the Northern District of Oklahoma noticing the deposition of Thomas Sing on February 17, 2022, in San Antonio, Texas, as part of ongoing discovery in a case pending before the Oklahoma federal court. *See Ace Am. Ins. Co. v. Otis Elevator Co.*, Case No. 20-cv-00572-GKF-JFJ (N.D. Okla.). The case arises from a fire that occurred at the Hyatt Regency Tulsa Hotel on November 16, 2018.

Defendant Otis Elevator Company contends that Sing is a non-retained, non-testifying, consulting expert and that his knowledge and opinions are privileged under Rule 26(b)(4). Otis has filed a motion for protective order in the Oklahoma court to prevent the deposition. Plaintiff Ace American Insurance Company refused to withdraw the subpoena pending a ruling on the

1

motion for protection, resulting in the filing of this motion in this Court—the "court for the district where compliance is required." *See* Fed. R. Civ. P. 45(d)(3)(A).  Otis asks the Court to stay the deposition and transfer the motion to quash to the Northern District of Oklahoma under Rule 45(f).  Alternatively, Otis asks this Court to quash the deposition.

After the motion was referred to the undersigned, Otis filed a Notice of Entry of Order [#2], informing the Court that the Oklahoma Court had entered an Order quashing the subpoena issued to Sing noticing his deposition for February 17, 2022, and ordering a response to the motion for protective order.  The Oklahoma Court set the matter for a telephone conference on March 3, 2022.

Having considered the motion and record before the Court, the Court will transfer the pending motion to quash to the Oklahoma Court.  Rule 45(f) of the Federal Rules of Civil Procedure governs the transfer of a subpoena-related motion and permits "the court where compliance is required" to "transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances."  Fed. R. Civ. P. 45(f).  Attached to Otis's motion is the declaration of Sing, indicating he consents to the transfer. (Sing Decl. [#1], at 447–48.)  Where the person subject to the subpoena consents to transfer, a party seeking transfer need not show—and the Court need not find—extraordinary circumstances under Rule 45(f).  *See* Fed. R. Civ. P. 45(f), advisory committee notes (2013 amendments).

In light of Sing's consent to the transfer, the Court will exercise its discretion and transfer Otis's motion to quash to the Oklahoma Court for consolidation with the pending motion for protective order.  Transfer will ensure consistent outcomes on the two pending motions and advance judicial economy.

**IT IS THEREFORE ORDERED** that Defendant Otis Elevator Company's Expedited Motion to Stay and Transfer Ace American's Subpoena of Thomas B. Sing, CFI, CFEI to the Northern District of Oklahoma and in the Alternative Motion to Quash [#1] is **GRANTED IN PART** as follows: the Motion to Quash filed by Defendant Otis Elevator Company is hereby **TRANSFERRED** to the Northern District of Oklahoma for resolution in connection with the underlying litigation, *Ace Am. Ins. Co. v. Otis Elevator Co.*, Case No. 20-cv-00572-GKF-JFJ (N.D. Okla.).

**IT IS FURTHER ORDERED** that in all other respects Defendant's motion is **DENIED**.

SIGNED this 17th day of February, 2022.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE